IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR409 |
| | ) | |
| v. | ) | |
| | ) | |
| OLGA ECHERIVEL, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Filing No. 124), requesting her sentence be vacated and to remand the matter for resentencing, and the government's response to that motion (Filing No. 126). The defendant sets forth three grounds as the basis for her motion.  Ground 1 states that the district court erred when it gave the jury, which was deadlocked, supplemental instructions. Ground 2 alleges ineffective assistance of counsel, and Ground 3 alleges that counsel was deficient in the fact that defendant was not afforded an interpreter.

Trial of this case commenced on October 26, 2009, on the superseding indictment upon which defendant was arraigned on the morning of the commencement of the trial.  The jury found the defendant guilty of the crime charged in Count I of the superseding indictment.  The defendant appealed her conviction,

and the United States Court of Appeals for the Eighth Circuit
affirmed her conviction on October 18, 2010.

Addressing Ground 1, the Court notes that this issue
was raised by the defendant on her appeal to the United States
Court of Appeals for the Eighth Circuit.  The Court of Appeals,
citing *United States v. Ybarra*, 580 F.3d 735, 738 (8th Cir.
2009), and *United States v. Walrath*, 324 F.3d 966, 97 (8th Cir.
2003, affirmed defendant's conviction and sentence, noting that
the instruction given was in accord with the prior opinions of
the Court of Appeals, and there was no evidence in the record to
support the finding that the jury was coerced by that
instruction.

In Ground 2 defendant alleges she received ineffective
assistance of counsel.  With respect to effective assistance of
counsel as required by the Sixth and Fourteenth Amendments to the
Constitution, the seminal case is *Strickland v. Washington*, 466
U.S. 668 (1984), wherein the Supreme Court laid down the
following guidelines in addressing this issue:

> Thus, a court deciding an actual
> ineffectiveness claim must judge
> the reasonableness of counsel's
> challenged conduct on the facts of
> the particular case, viewed as of
> the time of counsel's conduct.  A
> convicted defendant making a claim
> of ineffective assistance must
> identify the acts or omissions of
> counsel that are alleged not to
> have been the result of reasonable
> professional judgment.  The court

-2-

must then determine whether, in
light of all the circumstances, the
identified acts or omissions were
outside the wide range of
professionally competent
assistance.  In making that
determination, the court should
keep in mind that counsel's
function, as elaborated in
prevailing professional norms, is
to make the adversarial testing
process work in the particular
case.  At the same time, the court
should recognize that counsel is
strongly presumed to have rendered
adequate assistance and made all
significant decisions in the
exercise of reasonable professional
judgment.

                    *  *  *

An error by counsel, even if
professionally unreasonable, does
not warrant setting aside the
judgment of a criminal proceeding
if the error had no effect on the
judgment.  *Cf. United States v.
Morrison*, 449 U.S. 361, 364-365, 66
L.Ed. 2d 564, 202 S.Ct. 665 (1981).
The purpose of the Sixth Amendment
guarantee of counsel is to ensure
that a defendant has the assistance
necessary to justify reliance on
the outcome of the proceeding.
Accordingly, any deficiencies in
counsel's performance must be
prejudicial to the defense in order
to constitute ineffective
assistance under the Constitution.

                    *  *  *

The defendant must show that there
is a reasonable probability that,
but for counsel's unprofessional
errors, the result of the
proceeding would have been

-3-

> different.  A reasonable
> probability is a probability
> sufficient to undermine confidence
> in the outcome.
>
> * * *
>
> In making this determination, a
> court hearing an ineffectiveness
> claim must consider the totality of
> the evidence before the judge or
> jury.

*Strickland v. Washington*, 466 U.S. at 690-695.

These rather lengthy quotes from *Strickland* define the "arena" within which the Court will address petitioner's claims of effective assistance of counsel.

Considering the matters raised by the defendant, the Court finds that her allegations fail to rise to ineffective assistance of counsel.

In Ground 3 defendant clams that her counsel was deficient in the fact that she was not afforded an interpreter. Her allegation reads as follows:

> Counsel was deficient in the fact
> that I was not afforded an
> interpreter.  I am of Mexican
> (Spanish) decent (sic).  I was
> unable to fully understand the
> proceedings, either the legal
> terminology, or the English
> version.  My counsel stated I
> didn't need an interpreter, but I
> did.

The transcript of the trial which commenced at 9 o'clock a.m. on October 26, 2009, reveals that the first act

-4-

which the Court took was to administer an oath to an official
interpreter.

> THE COURT: Do you solemnly swear
> that you will justly, fairly, truly
> and impartially act as an
> interpreter in the case now before
> the Court, so help you God?
>
> INTERPRETER [BERTA] BIRITOS: Yes.

In addition, the Court's official interpreter, Laura Garcia-Hein,
participated as an interpreter during the trial of the case.  The
record further reflects the following discussion between the
Court and the defendant:

> THE COURT: All right.  But are you
> satisfied that you understand the
> interpreters that we have here
> today who will act as interpreters
> during the course of this trial?
>
> THE DEFENDANT: Yes, Your Honor.

This claim is without merit.

Having considered all of the claims of the defendant,
the Court finds her motion is without merit and should be denied.
The Court further finds that no certificate of appealability
should issue in this case.  A separate order will be entered in
accordance with this memorandum opinion.

DATED this 29th day of August, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court